**BLACKSTONE VALLEY NATIONAL BANK, Petitioner,**

v.

**BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.**

**No. 76–1157.**

United States Court of Appeals, First Circuit.

Argued June 4, 1976.

Decided June 25, 1976.

---

**4.** This is a state permit which authorizes purchase of long guns within the Commonwealth.

James C. Heigham, Boston, Mass., with whom Allen M. Bornheimer and Choate, Hall & Stewart, Boston, Mass., were on brief, for petitioner.

Morton Hollander, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen., and Michael Kimmel, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., were on brief, for respondent.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

CAMPBELL, Circuit Judge.

The Blackstone Valley National Bank brings this petition for review, under 12 U.S.C. § 1848, of a Federal Reserve Board decision to deny a bank holding company's application to acquire Blackstone under 12 U.S.C. § 1842. Although it did not participate in the proceedings before the Board, Blackstone now urges that the application should be "deemed to have been granted" under 12 U.S.C. § 1842(b), since the Board allegedly failed to act within 91 days after the record was complete.

The holding company, First National Boston Corporation (FNBC) filed an application to acquire Blackstone on September 15, 1975; the Board gave public notice of the application on October 1, 1975; and the Massachusetts Board of Bank Incorporation approved the transaction on November 4, 1975. At this point the Board considered the application complete, and on January 14, 1976, voted to deny the application. Before issuing an order to this effect, however, the Board discovered that the New York Times was about to publish an article portraying FNBC as a "problem" bank; and to avoid appearing to confirm the report by its action, the Board voted to reconsider. FNBC thereafter supplemented the record with its year-end financial reports, and the Comptroller of the Currency reported favorably on the application, but on March 1, 1976, the Board again voted to deny the application. Its final order was issued on March 18, 1976. FNBC sought neither reconsideration of the Board's order nor review in this court.

■ 12 U.S.C. § 1848 permits any "party aggrieved" by an order under § 1842 to obtain review in a specified court of appeals. As a general rule, to qualify as a "party aggrieved" a petitioner must have participated in the administrative proceedings. *First Nat'l Bank of St. Charles v. Board of Governors*, 509 F.2d 1004, 1008 (8th Cir. 1975); *see Gage v. Aec*, 156 U.S. App.D.C. 231, 479 F.2d 1214, 1218–19 & n. 14 (1973); *Easton Utilities Comm'n v. AEC*, 137 U.S.App.D.C. 359, 424 F.2d 847, 851–53 (1970); *Red River Broadcasting Co. v. FCC*, 69 App.D.C. 1, 98 F.2d 282, 287, *cert. denied*, 305 U.S. 625, 59 S.Ct. 86, 83 L.Ed. 400 (1938); 5 U.S.C. § 551(3); *cf. Whitney Nat'l Bank v. New Orleans Bank*, 379 U.S. 411, 419–22, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965).

■ We see no reason to depart from the general rule here. The delay of which Blackstone now complains was motivated in part by the Board's solicitude for the applicant, FNBC, which was the only party before it; and there is evidence in the record that would suggest that FNBC acquiesced in the delay. On these facts the Board's extended deliberation seems understandable. Absent intervention by Blackstone, the Board had no reason to concern itself with Blackstone's interests as distinct from FNBC's.* But we need not decide here whether FNBC in fact waived its rights under the 91-day rule, or whether it alone could have waived the rule had Blackstone intervened, or even whether the Board's order came too late. For FNBC has not sought review; and we can only speculate on when the Board would have acted, and what procedures it would have followed, had it confronted Blackstone as a party potentially prejudiced by delay. We merely hold that in order to invoke the 91-day rule in this court as a "party aggrieved" by denial of an application under § 1842, a bank in Blackstone's position must first have participated in the application proceedings before the Board.

*Petition denied.*

---

* Judicial review of Board decisions under the Bank Holding Company Act, 12 U.S.C. § 1848, presupposes an administrative record sufficient to fairly raise questions of law. *Gravois Bank v. Board of Governors,* 478 F.2d 546, 549 (8th Cir. 1973). And orderly procedure requires objections to the proceedings of administrative agencies be raised for determination by those bodies before judicial review may be had. *United States v. L. A. Tucker Truck Lines,* 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952); *see*

3 K. Davis, Administrative Law Treatise § 20.-06 (1957). Ordinarily, the 91-day requirement under § 1842(b) might be considered one of those rare instances where presentation of the claim to the agency is not required. In the present situation, however, where the interests of the applicant and the potential acquiree are alleged to differ, and where the applicant may have waived its rights under the rule, an inquiry by the Board into the positions and rights of the two companies would be mandated.