**NORTH AMERICAN SAVINGS ASSOCIATION, First Federal Savings & Loan Association, Appellants,**

**Blue Valley Federal Savings & Loan Association,**

**Home Savings Association, Appellant,**

**Sentenel Federal Savings & Loan Association of Kansas City,**

v.

**FEDERAL HOME LOAN BANK BOARD; Richard T. Pratt, Chairman, Federal Home Loan Bank Board; Andrew A. Diprete, Member, Federal Home Loan Bank Board; James Jackson, Member, Federal Home Loan Bank Board and Federal Savings and Loan Insurance Corporation, Appellees.**

No. 84–1108.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1984.

Decided Feb. 19, 1985.

Frank P. Sebree, Warren E. Slagle, and Bernard B. Levine, Kansas City, Mo., for appellants.

Dorothy L. Nichols, Washington, D.C., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and DEVITT,[*] District Judge.

ROSS, Circuit Judge.

This action was filed by five Kansas City, Missouri, Savings and Loan Associations seeking to invalidate the FSLIC and Federal Home Loan Bank Board's (Board) approval of Home Savings of America's (Home Savings) application for branch offices in the State of Missouri.[1] The appellants claimed that Home Savings was not lawfully present in Missouri, and, therefore, it could not apply for branch offices; and that the Board had prejudged the branch application in favor of Home Savings. The district court[2] held that it lacked subject matter jurisdiction over the first claim, and granted the Board's motion for summary judgment on the second claim. This appeal followed. For the reasons stated herein we affirm the judgment of the district court.

## I. FACTS

On December 17, 1981, the Board approved the acquisition of three savings and loan associations by Home Savings and its holding company, H.F. Ahmanson & Company. Two of the associations were located in Missouri, the other was in Florida. As a result of a merger transaction involving these institutions Home Savings operated as a California association with branches in California, Florida, and Missouri. The proceedings in which the Board approved Home Savings' acquisition of the Missouri Savings and Loans were closed hearings; the appellants were not parties thereto.

During the period in which the Board was considering the Home Savings' application for the acquisition of non-California institutions, Home Savings advised the Board that it intended to seek branch expansion in Missouri if the acquisitions were approved. After the merger was approved Home Savings sought to open branch offices in Missouri pursuant to 12 C.F.R. § 556.5(a)(3) (1982), which allowed an out-of-state association that had acquired an association in another state to apply for branch offices in that second state. The appellants sought to enjoin the Board's processing of the application on the basis that the initial entry of Home Savings into Missouri was invalid, and that the Board had prejudged the branch application. A similar injunction suit was filed in the Southern Division of the Western District of Missouri by six other savings and loans. The actions were consolidated and eventually dismissed by the district court.[3]

## II. ISSUES

The appellants raise the following issues on appeal:

1) Whether the district court erred in holding that it lacked jurisdiction to entertain plaintiffs' first complaint regarding

---

[*] The HONORABLE EDWARD J. DEVITT, Senior Judge, United States District Court for the District of Minnesota, sitting by designation.

[1]. The Bank Board operates as the directing body of the FSLIC.

[2]. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[3]. The plaintiffs in the consolidated action did not appeal the district court's decision.

the lawfulness of Home Savings' presence in Missouri; and

2) Whether the court erred in granting the defendants' motion for summary judgment on the claim that the Board had prejudged the branch application.

## III. DISCUSSION

### A. Jurisdiction

■ In the district court the appellants alleged that the actions of the Board in approving the two branch applications of Home Savings violated Board regulations. They claimed that although 12 C.F.R. § 556.5 (1982) allowed for the approval of the branch expansion of out-of-state institutions which lawfully operated within the state, the branches acquired by Home Savings in this case were established through a sham transaction which violated 12 U.S.C. §§ 1730a(e)(3) and 1725(j)(3).[4] The defendants claimed that the court lacked jurisdiction to decide the allegations raised because jurisdiction was vested in the court of appeals under 12 U.S.C. §§ 1730a(k) and 1725(j)(4). Section 1730a(k) provides:

#### Judicial review

(k) *Any party aggrieved* by an order of the Corporation under this section *may obtain* a *review* of such order by filing *in the court of appeals* of the United States for the circuit in which the principal office of such party is located, or in the United States Court of Appeals for the District of Columbia Circuit, within thirty days after the date of service of such order, a written petition praying that the order of the Corporation be modified, terminated, or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Corporation, and thereupon the Corporation shall file in the court the record in the proceeding, as provided in section 2112 of Title 28. Upon the filing of such peti-

tion, such court shall have jurisdiction, which upon the filing of the record shall be exclusive, to affirm, modify, terminate, or set aside, in whole or in part, the order of the Corporation. Review of such proceedings·shall be had as provided in chapter 7 of Title 5. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in section 1254 of Title 28.

12 U.S.C. § 1730a(k) (emphasis added).[5]

The district court found that although the action was framed as an injunctive action to challenge the Board's branch application proceedings, it was in effect a challenge to the Board's approval of the initial acquisition by Home Savings of a Missouri institution. On this basis the court held that section 1730a(k) gave the court of appeals exclusive jurisdiction over such cases.

In declining to exercise jurisdiction in this case the district court relied in part on *Whitney National Bank v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965), a case analogous to this case, wherein the Court held that agency determinations may not be collaterally attacked in district courts. In *Whitney,* the Court held:

Moreover, we reject the notion that the Board's determination may be collaterally attacked in the District Court by a suit against the Comptroller. Opponents of the opening of a new bank by a bank holding company must first attack the arrangement before the Board, subject only to review by the Courts of Appeals. * * * [Congress] has enacted a specific statutory scheme for obtaining review, and where Congress has directed such a procedure * * * the doctrine of exhaustion of administrative remedies comes

---

**4.** Section 1730a(e)(3) prohibits, under certain circumstances, a multiple savings and loan holding company from controlling insured institutions in more than one state. Section 1725(j)(3) prohibits the conversion from mutual to stock from any federally chartered associa-

tion in states which do not authorize the operation of state chartered stock associations.

**5.** Section 1725(j)(4) requires any "aggrieved *person*" to seek review pursuant to § 1730a(k). 12 U.S.C. § 1725(j)(4) (emphasis added).

into play and requires that the statutory mode of review [must] be adhered to * *.

A rejection of [the] doctrine [of exclusive review in the Courts of Appeals would] result in unnecessary duplication and conflicting litigation.

397 U.S. at 421–22, 85 S.Ct. at 557–58.

The appellants claim that *Whitney* is inapposite because the plaintiffs in that case did not accept the opportunity to present their case to the Federal Reserve Board prior to seeking review in court, while the plaintiffs here never had an opportunity to participate in the original Board proceedings. On this basis the appellants further allege that they cannot be considered "parties aggrieved" within the meaning of 12 U.S.C. § 1730a(k).

The appellants are correct in stating that they, unlike the plaintiffs in *Whitney*, never had an opportunity to participate as parties in the initial proceedings because the hearings were closed. They are also correct in noting that courts have narrowly construed the term "parties aggrieved" and have refused to entertain appeals from petitioners who chose not to participate in administrative proceedings where they could have done so. *See American Trucking Association v. ICC,* 673 F.2d 82, 84 (5th Cir.1982) *cert. denied,* 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983); *First National Bank v. Board of Governors,* 509 F.2d 1004, 1008 (8th Cir.1975); *Gage v. United States Atomic Energy Commission,* 479 F.2d 1214, 1219 (D.C.Cir.1973). We do not agree that these factors militate against the applicability of *Whitney* or section 1730a(k) in this case.

There is a preference embodied in section 1730a(k), and in the Court's opinion in *Whitney*, against collateral attacks on administrative orders. Clearly the plaintiffs in this case sought to indirectly challenge the Board's initial action in the district court when the statute calls for a direct challenge in the court of appeals. Furthermore, while the appellants correctly point out that courts narrowly construe the term "parties aggrieved" where a litigant had an opportunity to participate in the administrative proceedings and did not, there is nothing to indicate such a narrow construction would have applied in this case. Here the appellants did not have an opportunity to participate in the Board's proceedings as those hearings were closed. Under those circumstances the term "parties aggrieved" has been liberally construed so as to allow some forum in which the agency's actions can be challenged. *See National Resources Defense Council v. Nuclear Regulatory Commission,* 666 F.2d 595, 601–02 n. 42 (D.C.Cir.1981).

In *National Resources, supra,* 666 F.2d 595, the court espoused the rationale behind allowing litigants to participate in appeals as parties aggrieved if they did not have an opportunity to participate in agency proceedings:

*NRDC contends that it could not petition for direct review* of the order promulgating the amendments *because it was not a party to the proceedings* which gave birth to the order as required by the Hobbs Act. *See* 28 U.S.C. § 2344 (1976) ("Any *party* aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies."); *Gage v. AEC* [156 U.S.App.D.C. 231], 479 F.2d 1214 (D.C.Cir.1973). NRDC also claims that, under *Easton Utilities Commission v. AEC,* 424 F.2d 847 (D.C.Cir.1970), its nonparty status barred it from petitioning the Commission for reconsideration.

We disagree. In Gage and Easton, *we refused to recognize as "parties" those who had the opportunity to participate in the underlying Commission proceedings, but who had failed to take advantage of it.* In this case, however, since the amendments were promulgated without notice and comment, there were no underlying proceedings in which the NRDC could join to obtain party status. *To bar a petition for direct review because the petitioner was not a party to proceedings in which, by definition, it could not join would be to exalt literal-*

*ism over common sense.* We have refused to follow this course in the past, see *Pacific Gas & Electric Co. v. FPC,* 506 F.2d 33, 45–46 (D.C.Cir.1974), and decline to follow it now. Indeed, *to bar direct review in such circumstances would create a dangerous precedent, for it would grant agencies the power to remove their regulations from direct review by simply promulgating them without notice and comment.*

666 F.2d 601–02 n. 42 (emphasis added).

The fact that the appellants in this case were not parties to the initial Board proceedings does not preclude the applicability of section 1730a(k). This action should have initially been filed in the court of appeals. Accordingly, the district court was without jurisdiction to decide whether Home Savings was lawfully present in Missouri.

### B. Board Bias

■ Although the district court was without jurisdiction to decide the lawfulness of Home Savings' presence in Missouri, the court did have jurisdiction to decide whether the Board had prejudged the branch expansion applications of Home Savings. 12 U.S.C. § 1464(d)(1). *See First Federal Savings & Loan Association v. Federal Home Loan Bank Board,* 426 F.Supp. 454, 456 (W.D.Ark.1977), *aff'd sub nom. Fayetteville Savings & Loan Association v. Federal Home Loan Bank Board,* 570 F.2d 693 (8th Cir.1978). The appellants claim that Home Savings' officials told the Board that they would not acquire the Missouri savings and loan association unless they were guaranteed the right to expand within Missouri by opening new branch offices. The evidence showed that Home Savings' officials did express their desire to have assurances that branch applications would be approved, but no such assurances were given by the Board. The evidence also established that of the three commissioners who actually presided over the branch application hearings, two were not commissioners when the initial application was approved, the other commissioner who

was active during both proceedings abstained from voting on the branch office issue.

The district court was correct in holding that the "plaintiffs have not made an adequate showing of prejudgment to resist the motion for summary judgment." *North American Savings Association v. Federal Home Loan Bank Board,* No. 82–0257–CV–W–6, slip op. at 12 (W.D.Mo. December 14, 1983). Board members must be presumed to be impartial. *See Corning Savings and Loan Association v. Federal Home Loan Bank Board,* 571 F.Supp. 396, 405 (E.D.Ark.1983), *aff'd,* 736 F.2d 479 (8th Cir.1984). Nothing in this case establishes partiality or bias on the part of the commissioners sufficient to demonstrate that the proceedings were tainted. *See Corning Federal Savings and Loan Association v. Federal Home Loan Bank Board,* 736 F.2d 479, 481 (8th Cir.1984). On this basis we believe the district court correctly granted the Board's motion for summary judgment.

### IV. CONCLUSION

By challenging the branch applications of Home Savings on the basis that the institution was unlawfully present in the state, the appellants were collaterally attacking the initial Board decision which allowed Home Savings to enter Missouri. Section 1730a(k) precludes such actions from being brought in the district court, therefore the court correctly concluded that it lacked jurisdiction over the appellants' claim. Additionally, the court acted correctly in granting the Board's motion for summary judgment on appellants' bias claim, as the appellants' evidence was not sufficient to overcome the presumption of impartiality by the Board.

We have examined the appellants' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is affirmed.