PACKARD ELEVATOR, Farmers Cooperative Society, Incorporated, Farmers Cooperative Elevator (Marble Rock, IA), Farmers' Coop Elevator (LaPorte City, IA), Farmers Coop Elevator (Manly, IA), Shell Rock Elevator Company, Gilbertville Milling Company, Mount Auburn Grain Company, Vinton Coop, Rock Falls Grain Company, and Iowa Northern Railway Company, Petitioners,

v.

INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Petitioner,

v.

INTERSTATE COMMERCE COMMISSION and the United States of America, Respondents,

Illinois Central Gulf Railroad Company, Intervenor-respondent.

Nos. 85–2517, 86–1014.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1986.

Decided Dec. 24, 1986.

Rehearing Denied Jan. 22, 1987.

Thomas F. McFarland, Chicago, Ill., for petitioner, Packard Elevator.

Kim Madigan, Washington, D.C., for I.B.E.W.

Louis Mackall, Washington, D.C., for respondent, ICC.

Peter Gilbertson, Washington, D.C., for intervenor-respondent, Chicago Cent.

Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

### I. Appeal No. 85-2517

On December 24, 1985, Packard Elevator, Farmers Cooperative Society, Inc., Farmers Cooperative Elevator (Marble Rock, IA), Farmers Coop Elevator (LaPorte City, IA), Farmers Coop Elevator (Manly, IA), Shell Rock Elevator Co., Gilbertville Milling Co., Mount Auburn Grain Co., Vinton Coop, Rock Falls Grain Co., and Iowa Northern Railway Co. (petitioners) filed a petition for review of a decision of the Interstate Commerce Commission (ICC) *Chicago, Central & Pacific R.R.—Purchase (Portion), Trackage Rights, & Securities Exemption,* Finance Docket No. 30663 (Dec. 24, 1985) (ICC decision). Petitioners also requested an emergency stay pending judicial review; a temporary stay was granted on December 24, 1985. On December 27, 1985, following oral argument by telephone conference call, the temporary stay was vacated and the motion for stay pending judicial review was denied. *Packard Elevator v. ICC,* No. 85-2517 (8th Cir. Dec. 27, 1985) (order). On January 17, 1986, an opinion was issued by the court setting forth its reasons for the denial of the stay. *Packard Elevator v. ICC,* 782 F.2d 112 (8th Cir.1986).

Subsequently by letters dated September 30, 1986, and October 8, 1986, petitioners requested that their petition for judicial review be dismissed because a settlement had been reached. This request is granted and Appeal No. 85-2517 is dismissed.

### II. Appeal No. 86-1014

On January 6, 1985, the International Brotherhood of Electrical Workers (IBEW) filed a petition for review of the same ICC decision which was the subject of Appeal No. 85-2517. IBEW's petition for review was consolidated with Appeal No. 85-2517, and oral argument was heard on February 12, 1986. IBEW's petition is now before the court for decision.

We consider first whether IBEW has standing to petition for judicial review of the ICC decision. By order of this court following oral argument, the parties filed supplemental briefs on this issue.

Title 28 U.S.C. § 2344 (1982) provides that a party aggrieved by a final order of the administrative agency may within sixty days after entry of the order file a petition for judicial review of the order in the United States Court of Appeals. Courts have construed the phrase "party aggrieved" to mean that a person seeking judicial review must have participated in the proceedings before the administrative agency. In *Simmons v. ICC,* 716 F.2d 40, 43 (D.C.Cir.1983), the court dismissed the petition for review of an ICC ruling because the petitioner had not been a party to the proceedings before the ICC. The court noted that it had consistently interpreted the phrase "party aggrieved" to require participation at the agency level prior to the issuance of an agency order. *Id.* at 42; *accord American Trucking Ass'n v. ICC,* 673 F.2d 82, 84 (5th 1982), *cert. denied,* 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983). The court rejected petitioner's argument which equated "party aggrieved" to "person aggrieved" and eliminated the requirement of participation at the administrative level. *Id.* at 43. We are persuaded that the District of Columbia Circuit's interpretation of "party aggrieved" is correct and therefore hold that participation before the agency is required.

IBEW argues that even if there is such an administrative level participation requirement, the requirement was met in the present case by the participation of the Railway Labor Executives Association (RLEA) at the agency level. IBEW makes

three arguments in support of its contention that it participated in the agency proceedings. First, IBEW argues that RLEA participated in the proceedings before the agency and served as the designated representative for all affected rail employees and labor associations before the ICC, including IBEW. Second, IBEW argues that it submitted an affidavit to the ICC which outlined the adverse effects on represented employees that would result from the carriers' proposed actions. Third, IBEW argues that the decision in *ACLU v. FCC*, 774 F.2d 24 (1st Cir.1985) (ACLU), is not dispositive in the present case because unlike the American Civil Liberties Union in *ACLU* which sought judicial review of the decision, RLEA did not seek judicial review in this case.

While each of the above arguments urged by IBEW has some surface appeal, any extended discussion of these arguments is unnecessary and would unduly lengthen this opinion. Because we firmly believe that the First Circuit's decision in *ACLU* was correctly decided, we reject each of IBEW's arguments.

In *ACLU* the First Circuit considered whether participation of a national organization was sufficient to give the local affiliates of that same organization "aggrieved party status" under 28 U.S.C. § 2344. The First Circuit rejected the local affiliates' arguments that they were "aggrieved parties" because their interests were represented by the American Civil Liberties Union in the administrative proceedings. 774 F.2d at 25. The court held that such a broad interpretation of the statute would be contrary to congressional intent to limit the number of persons entitled to petition for review and would result in a "dramatic expansion of the number of persons entitled to petition for review." *Id.*

We reach the same conclusion in the present case. IBEW did not participate in the proceedings before the ICC. Neither the participation of RLEA nor the submission of an affidavit by an IBEW member in support of RLEA's position constitutes participation by IBEW in this administrative proceedings. IBEW could have partici-

pated in the proceedings before the ICC, thereby insuring that its interest would receive judicial review. The fact that RLEA chose not to request judicial review and the resulting inability of IBEW to secure judicial review of the ICC decision presents no compelling reason to ignore congressional intent. *Id.* at 26.

Relying on *Wales Transportation, Inc. v. ICC*, 728 F.2d 774, 776 n. 1 (5th Cir.1984) (*Wales*), IBEW lastly contends that it has standing to request judicial review because the decision of the ICC was beyond the scope of its authority and therefore judicial review may be sought by any person. In *Wales*, the Fifth Circuit recognized an exception to the agency participation requirement and permitted a nonparty to the ICC proceedings to challenge the ICC's jurisdiction to issue truck leasing rules. *Id.* Assuming that such an exception does exist, IBEW's conclusory statement that the "ICC exceeded its statutory authority by entertaining the application under Section 10901" is insufficient to bring IBEW within this exception. IBEW offers no facts or support for this bald statement. Accordingly, we conclude that IBEW lacks standing to seek judicial review and Appeal No. 86–1014 is dismissed.