977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kurt HAFNER; Gate City Federal Mutual Owners, Petitioners,
v.
OFFICE OF THRIFT SUPERVISION; BB & T Financial Corporation;
Gate City Federal Savings and Loan Association,
Respondents.
 No. 91-2182.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1992
Decided: September 28, 1992
As Amended Oct. 29, 1992.
 
 On Petition for Review of an Order of the United States Department of the Treasury.
 Kurt Hafner, Petitioner Pro Se.
 Laurie A. Romanowich, J. Larry Fleck, Aaron Baer Kahn, Office of Thrift Supervision, Washington, D.C.; Peter T. Grossi, Jr., Samuel Allan Flax, Arnold & Porter, Washington, D.C.; John Patrick Adams, Adams & Osteen, Greensboro, North Carolina, for Respondents.
 U.S. Treasury
 AFFIRMED.
 OPINION
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kurt Hafner petitions for review of two decisions of the Office of Thrift Supervision ("OTS") approving the conversion of Gate City Federal Savings and Loan Association ("Gate City") from a mutual to a stock form of ownership, and authorizing BB & T Financial Corporation ("BB & T") to acquire all of the stock in the resulting institution. He challenges both the constitutionality of the governing regulations, and the decision of the OTS under those regulations in this case. We affirm.
 
 
 2
 Gate City was a federally chartered mutual savings and loan association located in Greensboro, North Carolina. In 1989 Gate City decided to convert from a mutual association to a stock corporation. Such conversions are authorized by statute; however, they are subject to regulation by the OTS. 12 U.S.C.A. § 1464(i)(2) (West 1989 & Supp. 1992); see 12 C.F.R. § 563b (1992).
 
 
 3
 In December 1990 Gate City filed the appropriate application for conversion with the OTS. BB & T subsequently filed an application for approval of its acquisition of the stock which Gate City would issue. Again, though such acquisitions are permissible, 12 U.S.C.A. § 1467a(e) (West Supp. 1992), they are subject to regulation by the OTS, see 12 C.F.R. § 574 (1992). After comment by the OTS and revisions to the applications by Gate City and BB & T, both applications were ultimately approved. BB & T's acquisition application was approved on May 14, 1991. Gate City's conversion application was approved on June 18, 1991. Notice of approval of the conversion application was published in the Federal Register on August 8, 1991. 56 Fed. Reg. 37,757 (1991).*
 
 
 4
 On August 8, 1991, Hafner filed with this Court a petition for review of the approval by the OTS of both the conversion and the acquisition transactions. The Court previously denied Hafner's motion for a stay pending appeal and granted the motions of Gate City and BB & T to intervene.
 
 
 5
 Preliminarily, we note that Hafner is proceeding pro se and he is not an attorney. As a result, though he has filed pleadings purporting to represent a group known as "Gate City Federal Mutual Owners," Hafner is barred from representing anyone other than himself. See Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, this opinion addresses solely Hafner's personal claims.
 
 
 6
 There are two distinct transactions at issue in this appeal, a conversion and an acquisition. All parties concede that this Court properly has jurisdiction over the petition for review as it relates to the conversion transaction. See 12 U.S.C.A. § 1464(i)(2)(B). However, Respondents argue that this Court lacks jurisdiction to review the acquisition transaction because Hafner was not a party to the agency proceedings and did not file his petition within thirty days of the approval of the acquisition as required by § 1467a(j).
 
 
 7
 We assume without deciding that Hafner may qualify as a party aggrieved, as courts have liberally construed similar "party aggrieved" language to allow appellate review by those not actually a designated party to the agency proceedings. See Packard Elevator v. ICC, 808 F.2d 654, 655 (8th Cir. 1986), cert. denied, 484 U.S. 828 (1987); North Am. Sav. Ass'n v. Federal Home Loan Bank Bd., 755 F.2d 122, 125 (8th Cir. 1985); Hartigan v. Federal Home Loan Bank Bd., 746 F.2d 1300, 1307 (7th Cir. 1984); Blackstone Valley Nat'l Bank v. Board of Governors, 537 F.2d 1146, 1147-48 (1st Cir. 1976).
 
 
 8
 The applicable statute requires that appellate review be sought within thirty days of service of the decision. 12 U.S.C.A § 1467a(j) (West 1989 & Supp. 1992). There is no evidence that Hafner was ever served with the decision approving the acquisition and we therefore assume without deciding that Hafner's petition for review was timely as to the acquisition as well.
 
 
 9
 Hafner challenges the conversion on two grounds; he contends that the regulations authorizing the conversion are unconstitutional, and that even if they are constitutional, the decision under them in this case was improper.
 
 
 10
 Hafner contends that the regulations governing conversions are unconstitutional because they deprive him of his"legal and beneficial ownership interests" in Gate City without compensation, and because they deprive him of his "priority right" to acquire stock in Gate City rather than in the acquiring institution. Both of these claims lack merit.
 
 
 11
 Prior decisions of this Court and the Supreme Court make clear that Hafner's ownership interests in the mutual association do not rise to the level of a protected property interest. See Paulsen v. Commissioner, 469 U.S. 131, 140-41 (1985); Society for Sav. v. Bowers, 349 U.S. 143, 150 (1955); York v. Federal Home Loan Bank Bd., 624 F.2d 495, 499-500 (4th Cir.), cert. denied, 449 U.S. 1043 (1980). Similarly, because Hafner has no property interest in Gate City, and because he has a priority right to purchase stock in BB & T, the fact that he is deprived of a right to purchase stock in Gate City is not constitutionally significant.
 
 
 12
 We have carefully reviewed Hafner's allegations of improprieties in the conversion application and approval process, and we have carefully reviewed the administrative record. We find Hafner's claims in this area to be meritless. Most of his claims arise from an erroneous belief that the regulations impose mandatory requirements on the parties when the regulations in fact allow for variation. After review of the record we find that the decision of the OTS to approve the conversion of Gate City to a stock corporation was not arbitrary and capricious. Accordingly, the decision of the OTS approving the conversion is affirmed.
 
 
 13
 For the reasons stated above regarding the conversion, Hafner's claim that the acquisition of the Gate City stock by BB & T deprived him of a protected property interest is without merit. Likewise, it is clear that the acquisition of the stock by BB & T was in accord with 12 C.F.R. § 563b(10) (1992) and that the decision of the OTS approving the acquisition was proper.
 
 
 14
 Accordingly, the decisions of the OTS are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Applicable regulations do not require that notice of the approval of an acquisition under § 1467a(e) be published in the Federal Register