Joseph L. JONES, Petitioner,

v.

BOARD OF GOVERNORS OF
the FEDERAL RESERVE
SYSTEM, Respondent.

No. 95–1142.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 27, 1996.

Decided March 26, 1996.

George D. Ruttinger, Washington, DC, appointed by the court, argued the cause and filed the briefs for amicus curiae on the side of petitioner.

Joseph L. Jones, appearing pro se, was on the briefs for petitioner.

Douglas B. Jordan, Senior Counsel, Board of Governors of the Federal Reserve System, Washington, DC, with whom James V. Mattingly, Jr., General Counsel, Richard M. Ashton, Associate General Counsel and Katherine H. Wheatley, Assistant General Counsel, were on the brief, argued the cause for respondent. James A. Michaels, Senior Counsel, entered an appearance.

Before: WALD, WILLIAMS, and TATEL, Circuit Judges.

TATEL, Circuit Judge:

Pursuant to its authority under the Bank Holding Company Act, the Board of Governors of the Federal Reserve System approved the mergers of three bank holding companies in Louisiana. The Reverend Joseph L. Jones has petitioned this court for review of the Board's order approving the mergers. Because the petitioner was not a party to the proceedings before the Board, we conclude that he is not a "party aggrieved" within the meaning of the Bank Holding Company Act and therefore lacks standing to petition for review of the Board's decision.

## I.

First Commerce Corporation, the largest commercial bank holding company in Louisiana, applied to the Board of Governors of the Federal Reserve System under the Bank Holding Company Act, 12 U.S.C. § 1842(a) (1994), to merge with two other bank holding companies, City Bancorp, Inc. and First Bancshares, Inc. The Plaisance Develop-

ment Corporation, a non-profit organization founded in 1988 to help provide affordable housing for the residents of Plaisance, Louisiana, participated as a party in the proceedings before the Board and challenged the mergers. Over PDC's objections, the Board approved the proposed mergers, later denying PDC's request for reconsideration. Acting pro se, the Reverend Joseph L. Jones—pastor of the New Bethel Baptist Church, as well as the founder, president, and a director of PDC—filed in this court a petition for review of the Board's orders pursuant to the judicial review provisions of both the Bank Holding Company Act, 12 U.S.C. § 1848 (1994), and the Fair Housing Act, 42 U.S.C. § 3613(a)(1)(A) (1988). We appointed counsel as amicus curiae to argue the claims advanced by petitioner.

## II.

■ Before addressing the Board's principal argument that petitioner lacks standing to maintain this action, we must first consider whether we may substitute PDC for the Reverend Jones as petitioner. At oral argument, counsel for Jones indicated that, if it would help establish standing, he would agree to the court naming PDC as petitioner in accordance with United Transportation Union v. ICC, 891 F.2d 908 (D.C.Cir.1989), cert. denied, 497 U.S. 1024, 110 S.Ct. 3271, 111 L.Ed.2d 781 (1990). There, this court renamed the case because Patrick Simmons, the Illinois Legislative Director of the United Transportation Union who had initially filed suit, "actually represent[ed] the UTU." Id. at 909 n. 1. Changing the caption thus simply reflected the fact that Simmons had been the petitioner in name only and was, in reality, acting as an agent for his organization.

This case is quite different. According to the Reverend Jones's petition, he is proceeding in his individual capacity, not as a representative of PDC. He claims that the Board's order "directly affect[ed him] as a member of the board of directors of Plaisance Development Corporation, as an African American residing in the community, and as a member of Plaisance Development Corporation." Petition ¶ 4. He stated that "[t]he plaintiff believes that he will be injured

by a discriminatory housing practice about to occur." *Id.* ¶ 5 (emphasis added). Unlike Patrick Simmons in *United Transportation,* therefore, the Reverend Jones does not appear before us as an agent of an organization.

Nor does the record support the claim that "[t]he Rev[erend] Jones and PDC are essentially the same person." Amicus Reply Br. at 4. Although founder and president of PDC, Jones is but one of three members of its board of directors. In both business and regulatory matters, the record shows that Jones has maintained the distinction between himself and PDC as a separate corporate entity. When PDC applied for a loan for a sewer project, for example, Jones declined to offer his personal assets as collateral. In writing to the Federal Reserve and the Department of Housing and Urban Development, Jones signed his correspondence as president of PDC and referred to PDC, not himself, as the aggrieved party.

Were we to designate PDC as petitioner, we would thus not simply be correcting the caption to reflect the real party in interest, as the court did in *United Transportation,* but would be substituting as petitioner an entity that has not sought relief from us. We do not read the Federal Rules of Appellate Procedure to permit us to effect such a substitution. According to Rule 43(b), a court of appeals shall substitute a party "[i]f substitution ... is necessary for any reason other than death." It further states that "substitution shall be effected in accordance with the procedure prescribed in" Rule 43(a), which in turn provides that, when a party dies, the personal representative of the deceased—that is, the person to be substituted—must file a motion requesting substitution. Here, the entity to be substituted, PDC, has not requested that we name it petitioner. We thus lack authority on procedural grounds to substitute PDC for the Reverend Jones. We lack substantive authority as well: This court has found that a substitution is "necessary" under Rule 43(b) if "a party is incapable of continuing the suit, such as where a party becomes incompetent[,] or a transfer of interest in the company or property involved in the suit has oc-

curred," or the focus of the litigation has shifted to make another entity the real party in interest. *Alabama Power Co. v. ICC,* 852 F.2d 1361, 1366 (D.C.Cir.1988); *National Treasury Employees Union v. United States Dep't of the Treasury,* 656 F.2d 848, 850–51 & n. 23 (D.C.Cir.1981) (After union member won on the merits, the court substituted the union as the appellant during litigation over awarding attorneys' fees.). No one has suggested that the Reverend Jones has become incapacitated, that his interests have been transferred to PDC, or that any other change in circumstances requires us to replace him as petitioner.

### III.

■ Since we cannot replace Jones with PDC, we must consider whether he personally has standing to pursue this claim under the Bank Holding Company Act, codified at 12 U.S.C. § 1848. Section 1848 provides that only a "party aggrieved" by an order of the Board has standing to seek judicial review. Although we have decided cases applying § 1848, we have not squarely addressed whether the "party aggrieved" language in § 1848 requires a petitioner to have been a party in the Board's proceedings. *See Irving Bank Corp. v. Board of Governors of the Fed. Reserve Sys.,* 845 F.2d 1035, 1039 (D.C.Cir. 1988); *Investment Co. Inst. v. Board of Governors of the Fed. Reserve Sys.,* 606 F.2d 1004, 1010–11 (D.C.Cir.1979), *rev'd on other grounds,* 450 U.S. 46, 101 S.Ct. 973, 67 L.Ed.2d 36 (1981); *see also Simmons v. ICC,* 716 F.2d 40, 42 (D.C.Cir.1983) (discussing other circuits' interpretations of § 1848). Under other statutes, "[t]his circuit has consistently interpreted the phrase 'party aggrieved' to require as a general matter that petitioners be parties to any proceedings before the agency preliminary to issuance of its order." *Simmons,* 716 F.2d at 42. Other circuits have adopted this interpretation of § 1848. *See Gustafson v. Board of Governors of the Fed. Reserve Sys.,* 717 F.2d 242, 245–46 (5th Cir.1983), *cert. denied,* 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 821 (1984); *Blackstone Valley Nat'l Bank v. Board of Governors of the Fed. Reserve Sys.,* 537 F.2d 1146, 1147 (1st Cir.1976); *Bank of Commerce v. Board of Governors of the Fed. Reserve*

*Sys.,* 513 F.2d 164, 166–67 (10th Cir.1975); *First Nat'l Bank v. Board of Governors of the Fed. Reserve Sys.,* 509 F.2d 1004, 1006–09 (8th Cir.1975). We see no reason to depart from that approach.

The Bank Holding Company Act permits any "party" aggrieved to file a petition for review, not any "person" to do so. At the time Congress enacted the statute, the Administrative Procedure Act defined "person" as including "individuals, partnerships, corporations, associations, or public or private organizations of any character other than agencies"; in contrast, the APA defined "party" as including only persons or agencies "named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in an agency proceeding." Pub.L. No. 79–404, § 2(b), 60 Stat. 237, 5 U.S.C. § 1001(b) (1952). We may therefore assume that Congress intended "party" in § 1848 to mean a party to the agency proceedings. *See Energy Research Found. v. Defense Nuclear Facilities Safety Bd.,* 917 F.2d 581, 582–83 (D.C.Cir.1990) (noting that when Congress defines a term in one statute it normally has the same meaning in a similar context in another statute). In comparable circumstances, where Congress embraced a *party* aggrieved standard instead of the *person* aggrieved or affected criteria set forth in the APA, we said that the "only plausible reading" that would "give meaning to that apparently intentional variation ... [was to] read 'party' as referring to a party before the agency, not a party to the judicial proceedings." *Simmons,* 716 F.2d at 43 (discussing the enactment of the Hobbs Act in 1950).

The legislative history of the Bank Holding Company Act supports this definition of "party." In enacting the statute, Congress rejected the House bill's standing requirements, which were based on the APA: that "[a]ny *person* " who was "adversely affected or aggrieved or ... suffered legal wrong" could seek review of the Board's action. H.R. 6227, 84th Cong., 1st Sess. § 9 (1955) (emphasis added); H.R.REP. No. 609, 84th Cong., 1st Sess. at 25–26 (1955). Instead, Congress adopted more restrictive Senate language, providing that a *"party* aggrieved" could obtain review of the Board's order. S. 2577, 84th Cong., 1st Sess. § 9 (1955) (emphasis added); 101 CONG.REC. 6994, 7163–65 (1956). Further confirming this interpretation of "party," the sponsor of the Senate bill explained the process for approving and reviewing acquisitions by bank holding companies as follows:

> [T]he Federal Reserve Board must provide a hearing of record after due notice at which the testimony of all interested *parties* may be received.... The bill then permits any *party* aggrieved by the order the right to a judicial review of the order by an appropriate Federal court of appeals.

101 CONG.REC. 6752 (1956) (emphasis added).

We thus hold that to qualify as a "party aggrieved" under § 1848, a petitioner in this court must have been a party in the proceedings before the Board. Although we recognize that exceptions may be permissible for petitioners who could not have participated in the agency's proceedings, Jones has given us no reason to believe that he was incapable of appearing before the Board in this case. *See Gustafson,* 717 F.2d at 245–47 (considering petitioner's argument that it was exempt from general requirements of § 1848 because it did not receive sufficient notice); *Blackstone Valley Nat'l Bank,* 537 F.2d at 1147 & n. * (considering a departure from the requirements imposed by § 1848 because of the nature of the petitioner's claim). Because he was not a party before the agency, Jones does not have standing under the · Bank Holding Company Act to maintain this appeal.

Although petitioner also invokes the Fair Housing Act as a basis for our jurisdiction, that statute authorizes an aggrieved person to bring suit only in state court or federal district court, not in a federal court of appeals. 42 U.S.C. § 3613(a)(1)(A). It therefore provides no independent basis for this court's jurisdiction.

Because petitioner Jones lacks standing under the Bank Holding Company Act and because we lack jurisdiction under the Fair Housing Act, we deny his petition for review.

*So ordered.*