**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 96-2507

The Florilli Corporation,  *
                            *
          Petitioner;       *
                            * Petition for Review of an Order
     v.                     * of    the    United    States Department
                            * of Transportation, Federal Highway
Frederico Pena, Secretary of* Administration.
Transportation; United States*
Department of Transportation;*
Federal Highway Administration;*
                            *
          Respondent.       *

Submitted:  February 10, 1997

Filed: June 26, 1997

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

    The Florilli Corporation ("Florilli") challenges the validity of the "unsatisfactory" motor-carrier rating it received from the Federal Highway Administration ("FHWA"). Florilli asserts that its rating is invalid because the FHWA failed to follow notice and comment requirements in establishing the criteria by which the FHWA determines a

carrier's rating.  Because Florilli failed to bring its challenge to the procedural genesis of the FHWA's rules in a timely manner, we dismiss Florilli's request for relief.

## I.

On April 22, 1994, the FHWA conducted a motor-carrier safety audit of Florilli.  Florilli is a trucking company based in West Liberty, Iowa.  In evaluating Florilli, the FHWA used its Safety Fitness Rating Methodology ("SFRM"), established in its present form in December 1993 pursuant to the Safety Fitness Procedures found in 49 U.S.C. § 385. Although Florilli had previously received "satisfactory" ratings, the FHWA notified Florilli on August 10, 1994 that as a result of regulatory violations found during an April 22nd audit, Florilli had been given a rating of "unsatisfactory."[1]  On September 19, 1994, Florilli filed a Petition for Review of its safety rating pursuant to 49 C.F.R. § 385.15, which the FHWA denied.  On October 13, 1995, the FHWA conducted another compliance review of Florilli and again assigned Florilli a rating of

---

[1]The FHWA cited the following violations and regulations as the reason for Florilli's rating:  (1) failure to require the drug testing of a driver-applicant whom the carrier intended to hire or use (49 C.F.R. § 391.103(a)); (2) requiring or permitting a driver to drive more than ten hours (id. § 395.3(a)(1)); (3) requiring or permitting a driver to drive after having been on duty more than seventy hours in eight consecutive days (id. § 395.3(b)); and (4) maintaining false reports of duty status records (id. § 395.8(e)).

2

unsatisfactory.[2]  The FHWA notified Florilli of its rating by a letter mailed to the carrier on October 20, 1995.

Florilli initiated this suit seeking a declaratory judgment that the regulations and internal rules employed by the FHWA in assigning Florilli's "unsatisfactory" ratings were invalid.  Florilli primarily argues that the SFRM, promulgated without the notice and comment procedures outlined by the Administrative Procedures Act (APA), 5 U.S.C. § 553 (1994), has the characteristics of a "legislative" rule which requires notice and comment safeguards rather than an "interpretive" rule, which is exempt from those requirements.  The district court held that the Court of Appeals has exclusive jurisdiction over Florilli's claim and transferred the matter to our court. Florilli again asserts that the FHWA's rules are invalid. The FHWA responds that the challenged rules are interpretive and therefore not subject to the notice and comment requirements of the APA.  In any event, the FHWA argues that Florilli's challenge is untimely under the Hobbs Act, 28 U.S.C. § 2344 (1994).

---

[2]Following the October 1995 review, the FHWA cited the following violations and regulations:  (1) failure to maintain an accurate or proper accident register (49 C.F.R. § 390.15(b)); (2) making fraudulent statements or records (id. § 390.35); (3) using a driver who tested positive for the use of controlled substances (id. § 391.11(b)(6)); (4) requiring or permitting a driver to drive more than ten hours (id. § 395.3(a)(1)); (5) requiring or permitting a driver to drive after having been on duty fifteen hours (id. § 395.3(b)); (6) requiring or permitting a driver to drive after having been on duty more than seventy hours in eight consecutive days (id. § 395.3(b)); (8) maintaining false reports of record of duty status (id. § 395.8(e)); (9) failure to require a driver to prepare a proper record of duty status (id. § 395.8 (f)); (10) failure to forward record of duty status within thirteen days (id. § 395.8(I)); and (11) failure to preserve driver records of duty status supporting documents for six months (id. § 395.8(k)(1)).

3

Before we consider the merits of Florilli's challenge to the validity of the SFRM, we must determine whether Florilli presented its challenge in a timely manner. We hold that Florilli's request for relief is not timely and is therefore dismissed.

The sixty-day limitation on challenges to administrative rules under the Hobbs Act is a jurisdictional requirement that may not be waived or modified by this court. United States Dep't of Agric. v. Kelly, 38 F.3d 999, 1003 (8th Cir. 1994). Although a party may challenge the substantive validity of an agency's rules outside of the sixty-day period, Tri-State Motor Transit Co. v. ICC, 739 F.2d 1373, 1375 n.2 (8th Cir. 1984), challenges to the procedural genesis of administrative rules must conform to the time limitation under the Hobbs Act time. JEM Broad. Co. v. FCC, 22 F.3d 320, 324 (D.C. Cir. 1994); Asphalt Roofing Mfg. Ass'n v. ICC, 567 F.2d 994, 1005 (D.C. Cir. 1977).

Florilli challenges the sixty-day limitation on appeals of the procedural genesis of a rule. Florilli argues that the requirement is unfair because it prevents a party not affected by the rule within the first sixty days from challenging the rule's validity. Florilli asserts that such a party would not have standing to bring a procedural challenge until the rule has applied to it. On the contrary, this court considers a party "aggrieved," giving the party standing to appeal an agency decision where, as here, the agency provided no forum for the party to participate in the proceedings through which the agency

created the contested provisions.  <u>North American Sav. Ass'n v. Federal Home Loan Bank</u>, 755 F.2d 122, 125-26 (8th Cir. 1985) (quoting <u>National Resources Defense Council v. Nuclear Regulatory Comm'n</u>, 666 F.2d 595, 601-02 n.42 (D.C. Cir. 1981)).

The FHWA promulgated the SFRM in its present form in December 1993.  Florilli did not challenge the FHWA's methodology until January 1996, over two years

later.  In essence, Florilli does not challenge the validity of the substance of the FHWA's regulations. Therefore, Florilli's failure to meet the Hobbs Act's sixty-day time limitation prevents us from considering Florilli's challenge to the validity of its "unsatisfactory" safety rating by the FHWA.

## III.

Because Florilli failed to bring its challenge to the validity of the procedural genesis of the rules under which the FHWA determined Florilli's "unsatisfactory" safety rating within the sixty-day time limitation under the Hobbs Act, we are without jurisdiction to entertain the matter.  Accordingly, Florilli's request for relief is dismissed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6