**INNER CITY PRESS, et al., Petitioners,**

v.

**BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, Respondent,**

**Banc One Corporation, Intervenor.**

**No. 97–1394.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 1997.

---

Matthew R. Lee and Laura Davis, for petitioners.

Katherine H. Wheatley and Douglas B. Jordan were on the motion to dismiss, for respondent.

Before: WALD, SILBERMAN, and RANDOLPH, Circuit Judges.

PER CURIAM:

█ We publish this opinion to emphasize that participation in administrative proceedings before the Board of Governors of the Federal Reserve System, like such participation before any agency, *see Reytblatt v. United States Nuclear Regulatory Comm'n,* 105 F.3d 715, 720 (D.C.Cir.1997), does not, without more, satisfy a petitioner's Article III injury-in-fact requirement. This point has recently been the express holding of the Second Circuit in a case involving the same petitioners appearing here. *See Lee v. Board of Governors,* 118 F.3d 905, 911 (2d Cir.1997) (dismissing petition for lack of standing, notwithstanding petitioner's participation in administrative proceedings).

█ The Bank Holding Company Act limits judicial review to "part[ies] aggrieved" by an act of the Board. *See* 12 U.S.C. § 1848. Petitioners must, therefore, satisfy statutory prudential standards as well as constitutional requirements. *See, e.g., Synovus Financial Corp. v. Board of Governors,* 952 F.2d 426, 432 (D.C.Cir.1991) (because intervenor faces realistic threat that its relocation proposal will be vetoed by State if Board's order is upheld, intervenor is aggrieved and has standing); *Irving Bank Corp. v. Governors of the Fed. Reserve Sys.,* 845 F.2d 1035, 1039 (D.C.Cir.1988) (noting that petitioner has standing to seek judicial review because it has a fiduciary duty to protect its shareholders from injury and also participated in agency proceedings). *See also Brotherhood of Locomotive Engineers v. United States,* 101 F.3d 718, 723 (D.C.Cir.1996). *Cf. Martin-Trigona v. Federal Reserve Bd.,* 509 F.2d 363, 365–66 (D.C.Cir.1974) (in a holding limited to the specific circumstances of that case, court dismissed petition for review brought by party who had participated in administrative proceedings before the Board, for failure to satisfy Article III standing requirements).

While petitioners may have satisfied prudential standing by virtue of their participation in the administrative proceedings, *see Jones v. Board of Governors,* 79 F.3d 1168 (D.C.Cir.1996) (dismissing petition where petitioner had not participated before the Board, without addressing whether Article III standing had been satisfied), they have not demonstrated Article III standing. *See United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.,* — U.S. —, —, 116 S.Ct. 1529, 1533, 134 L.Ed.2d 758 (1996) (three essential requirements for Article III standing are injury-in-fact; causal relationship between injury and challenged

conduct; and redressability). Therefore, we grant the motion to dismiss.